# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MONTRELL L. ELLIS,

                Plaintiff,

   v.                             **Case No. 16-cv-455-pp**

SGT. SCHUNK,
HILLARY BROWN,
DARCY ZEILER,
MARIO CANZIANI, and
REED RICHARDSON,

                Defendants.

---

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND TRANSFERRING VENUE TO THE WESTERN DISTRICT OF WISCONSIN

---

The plaintiff is incarcerated at Stanley Correctional Institution. He filed this *pro se* complaint alleging that the defendants violated his civil rights. Dkt. No. 1. This order resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, Dkt. No. 2, and transfers this case to the United States District Court for the Western District of Wisconsin.

## I.    LEAVE TO PROCEED WITHOUT PREPAYMENT OF FILING FEE

The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff

1

pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 22, 2016, the court issued an order requiring the plaintiff to pay an initial partial filing fee of $10.23. Dkt. No. 5. The court received the initial partial filing fee on May 13, 2016. The court will allow the plaintiff to proceed without prepayment of the filing fee and will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

## II.    VENUE

Title 28, United States Code §1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Stanley Correctional Institution, which is where the events giving rise to the plaintiff's complaint occurred, is located Chippewa and Clark Counties, in the *Western* District of Wisconsin, and the defendants (employees at the Stanley Correctional Center) all are employed there. Yet the plaintiff filed his complaint here, in the *Eastern* District of Wisconsin.

2

Title 28, United States Code §1406(a) allows a court to transfer a case with improper venue to the district in which it could have been brought. The court will transfer this case to the United States District Court for the Western District of Wisconsin.

III.    **ORDER**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $330.30 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The Secretary or his designee shall clearly identify these payments by the case name and number.

The court **ORDERS** that this case is **TRANSFERRED** to the United States District Court for the Western District of Wisconsin. The court directs the clerk of court to transmit the file to the United States District Court for the Western District of Wisconsin.

The court will mail of a copy of this order to the warden at Stanley Correctional Institution.

Dated in Milwaukee, Wisconsin this 6th day of June, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge